UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20-mj-03935-Louis

UNITED STATES OF AMERICA

v.

JOHN AHGULO,
MIEVER PASARENO PRADEO, and
DONALD URBINA LUNA,

      Defendants,
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    ___Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___Yes  _X_ No

                              Respectfully submitted,

                              ARIANA FAJARDO ORSHAN
                              UNITED STATES ATTORNEY

By: *Michele S. Vigilance*
Michele S. Vigilance
Assistant United States Attorney
Court ID No. A5502091
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 432-1406
Email: michele.vigilance@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint          original

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> JOHN AHGULO, MIEVER PASARENO PRADEO, and DONALD URBINA LUNA. <br> *Defendant(s)* | Case No. 20-mj-03935-Louis |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __October 17, 2020__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Sections 70503(a)(1) and 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Special Agent Nicholas Rahmer
*Printed name and title*

Attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by __Face Time__

Date: __Oct 30 2020__

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Lauren F. Louis, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Nicholas Rahmer, being duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am currently assigned as a Special Agent with the Federal Bureau of Investigation (FBI) in Miami, Florida and have been employed as such since July 2017. Prior to becoming an FBI Agent, I worked as a Police Officer with the St. Cloud Police Department in Florida for 10 years. I have worked in law enforcement for a total of 13 years. My official FBI duties include investigating criminal violations of federal narcotics laws. I have also been involved in various types of visual and electronic surveillances, and I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. I am familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing narcotics. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21 and 46 of the United States Code.

2. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against JOHN AHGULO, MIEVER PASARENO PRADEO, and DONALD URBINA LUNA for knowingly and willfully conspiring to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. The statements contained in this Affidavit are based upon my personal knowledge, as well as information provided by other individuals, including other law enforcement officials,

and my review of records obtained during the course of this investigation. I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances sufficient to establish probable cause for the issuance of a criminal complaint against JOHN AHGULO, MIEVER PASARENO PRADEO, and DONALD URBINA LUNA as requested herein.

## PROBABLE CAUSE

4. On or about October 17, 2020, while on routine patrol, a United States Marine Patrol Aircraft (MPA) detected a Go-Fast Vessel (GFV) with packages consistent with contraband and fuel barrels visible on deck traveling approximately 40 nautical miles west of Isla de Malpelo, Colombia in international waters. United States Coast Guard Cutter (USCGC) Decisive (DEC) received authorization to board the GFV based on the fact the GFV was a vessel suspected of illicit maritime activity, was reasonably suspected of being without nationality, displaying no indicia of nationality, and was located in international waters with contraband and fuel barrels visible. The MPA observed the crew throw the packages and a buoy from the GFV. USCG DEC deployed assets to recover the load and continued pursuit of the vessel until the vessel was stopped by use of force. The persons on the boat then began to remove the plugs of the vessel in an attempt to scuttle the vessel.

5. The USCG boarding team found the following individuals on board the GFV: AHGULO, PASARENO PRADEO, and LUNA, all of whom were removed by the DEC rescue team from the vessel for safety. The vessel eventually capsized and sank. The rescue team saw no physical flag flown, no registration documents, no registration number on the hull, no homeport on the hull, no name on the hull, and no painted-on markings. One of the individuals on the vessel

claimed the vessel was of Colombian nationality.

6. USCG DEC personnel asked Colombia to verify the vessel as Colombian. Through the form exchange, Colombia could neither confirm nor deny the nationality of the vessel. As such, the vessel was treated without nationality. USCG DEC recovered 10 bales from the jettison field, with a final at sea weight of 409 kilograms. DEC conducted 02 NIK test on a sample of the recovered bales, which yielded a positive result for cocaine.

7. The U.S. Coast Guard subsequently detained AHGULO, PASARENO PRADEO, and LUNA. Two of these individuals claimed Colombian nationality and the other claimed Costa Rican nationality. All three are currently en-route to the Middle District of Florida and are expected to arrive there on or about November 2, 2020. At that point, they will be transferred to the custody of United States law enforcement to make their initial appearance in the Middle District of Florida.

INTENTIONALLY LEFT BLANK

8.      Based on the foregoing facts, I submit that probable cause exists to believe that JOHN AHGULO, MIEVER PASARENO PRADEO, and DONALD URBINA LUNA, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally conspire to possess with intent to distribute more than five kilograms of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Nicholas Rahmer
Special Agent
Federal Bureau of Investigation

Attested to in accordance with the requirements of
Federal Rule of Criminal Procedure 4.1 by  Face Time

This  30   day of October, 2020.

_____
THE HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

4